Michael D. Rounds
State Bar No. 4374
Matthew D. Francis
State Bar No. 6978
Padma Choudry
State Bar No. 9784
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
(775) 324-4100

Attorneys for Rain Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RAIN CORPORATION, a Nevada corporation,<br><br>      Plaintiff,<br><br>v.<br><br>JYP ENTERTAINMENT, LTD. a Korean limited company, JI-HOON JUNG a/k/a RAIN, an individual, STAR M ENTERTAINMENT, a Korean company,<br><br>      Defendants. | Case No. 3:07-cv-00081-LRH-RAM<br><br>**STIPULATED PROTECTIVE ORDER** |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED:

  1. All documents, materials, items, and/or information which are designated as confidential under the terms of this Protective Order, and contain or comprise confidential and sensitive research, development or commercial information

1

produced either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.

2. Any information produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only." Materials designated "Confidential" shall be those non-public documents, information, and materials which the producing party believes in good faith constitute, contain or reflect proprietary, trade secret or commercially sensitive information that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain it in confidence. Materials designated "Confidential-Attorney's Eyes Only" shall be those confidential and sensitive things of a proprietary business or technical nature which might be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties.

Absent a specific order by this Court, or written permission from the designating party, information once designated as "Confidential" or "Confidential-Attorney's Eyes Only" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

3. Any party or non-party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder.

   (a) In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the producing party or non-party.

   (b) In the instance of depositions, counsel may, in the record of the deposition, designate at the outset of any deposition the entire transcript or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in Paragraphs 4 and 5 may then be present in the depositions. The witness under deposition or his counsel may also invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential" or "Confidential-Attorneys' Eyes Only." The designations should be made on the record at the outset of a deposition or during a deposition whenever possible, but a party may designate the entirety or portions of a deposition either "Confidential" or "Confidential-Attorney's Eyes Only" provided

3

written notice of such designation is given to each party no later than (10) ten days following receipt of the deposition transcript. If a party designates the entirety of deposition transcript as "Confidential" or "Confidential-Attorney's Eyes Only" at the outset of a deposition, the party may subsequently declassify, as appropriate, non-confidential portions of the transcript by giving written notice of such declassification to each party. The non-designating party may also seek to declassify or downgrade the designated material pursuant to Paragraph 11 of this Protective Order.

4. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to the following:

(a) the trial counsel designated on the pleadings for the law firms of record in this action and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation;

(b) the parties to this action, their representatives, employees and agents, including in-house counsel, provided that the party, its employee, agent or representative has signed, dated and delivered to the producing party the acknowledgment attached hereto as Exhibit A;

4

(c) experts or consultants as defined in Paragraph 6 hereof and pursuant to the provisions on Paragraph 7 hereof, provided that the experts, and/or consultants have signed, dated and delivered to the producing party the acknowledgment attached hereto as Exhibit A;

(d) any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, provided that any marginal notes or comments by third persons are redacted;

(e) the Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

5. Documents, deposition testimony, or answers to interrogatories stamped "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to the following:

(a) the trial counsel designated on the pleadings for the law firms of record in this actions and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation;

(b) experts or consultants as defined in Paragraph 6 hereof and pursuant to the provisions on Paragraph 7 hereof, provided that the experts and/or consultants have signed, dated and

5

```
 1   delivered to the producing party the acknowledgment attached
 2   hereto as Exhibit A;
 3          (c)  any person who is indicated on the face of a document
 4   to have been an author, addressee or copy recipient thereof
 5   provided that any marginal notes or comments by third persons
 6   are redacted;
 7          (d)  the Court and court personnel, including stenographic
 8   reporters engaged in such proceedings as are necessarily
 9   incident to this litigation.
10          6.   For purposes of Paragraph 5(b) hereof, a "consultant"
11   shall be defined as a person who is not an employee of a party
12   nor anticipated to become an employee in the near future, and
13   who is retained or employed as a bona fide consultant or expert
14   for purposes of this litigation, whether full or part-time, by
15   or at the direction of counsel for a party.
16          7.   A consultant, as defined in Paragraph 6 hereof, shall
17   only have access to information designated "Confidential" or
18   "Confidential-Attorneys' Eyes Only" after: (a) the consultant
19   signs, dates, and delivers to the producing party the
20   acknowledgment attached hereto as Exhibit "A" along with his or
21   her resume or curriculum vitae and the identification of his or
22   her current employer; and (b) after the opposing party is given
23   4 days to object to the proposed disclosure to the consultant
24   after receiving the information set forth in Paragraph 7(a)
25   above.  If a motion to permit disclosure of "Confidential" or
```

6

"Confidential-Attorney's Eyes Only" information to a consultant is filed, the prevailing party shall be entitled to reasonable attorneys' fees and costs related to the briefing of the given motion.

8. All confidential information covered by this order shall be kept in secure facilities at trial counsel's offices and in no event be taken to or stored on the premises of a party without having first received written permission from the party designating the document confidential, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5, and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality. This paragraph shall not be construed to mean that the persons set forth in Paragraphs 4, 5, and 6 may not receive and review copies of confidential information at their place of business. All counsel for the parties who have access to confidential information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

9. All pages or parts of court papers, discovery responses, production documents or things, or deposition transcripts filed with the Court in this action which have been designated as containing "Confidential" or "Confidential-Attorneys' Eyes Only" by either party hereto, or any court

7

papers purporting to reproduce or paraphrase such Confidential Information, shall be maintained in camera by filing the same in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PURSUANT TO COURT ORDER," and a statement substantially in the following form:

> "This envelope contains Confidential Information filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed, except by order of the Court"

10. If any document or information designated to be "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

11. A party should designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order. If,

8

at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement.

12. The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

13. At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing

9

party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared and that the court employees be advised as to the terms of this Protective Order. If any party reasonably anticipates that "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation. If the Court denies any such request, the use of the "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents in court shall not affect its coverage by this Protective Order or constitute a waiver of secrecy with respect thereto.

14. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

15. This Protective Order shall be effective on the date entered by the Court.

16. Within ninety (90) days after the conclusion of this action, unless otherwise agreed by the parties, all confidential materials and/or information shall be returned to the party or non-party who produced such materials, or to their respective counsel, or such information shall be destroyed, at the election of the producing party; provided, however, that all attorneys of

10

record may retain an archival copy of all confidential information produced in the case.

IT IS SO STIPULATED:

Dated: 7/12/07
By: [signature]
Michael D. Rounds
Matthew D. Francis
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511

Attorneys for Plaintiff

Dated: 7/12/07
By: [signature]
Brad Johnston
HALE, LANE, PEEK, DENNISON AND HOWARD
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511

Sunwoo Lee
Jon B. Crocker
Victoria Hao
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006

Attorneys for Defendants

IT IS SO ORDERED:

[signature]
UNITED STATES MAGISTRATE JUDGE

Dated: July 12, 2007

11

Attachment A

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Rain Corporation v. JYP Entertainment, Ltd., et. al.,</u> United States District Court for the District of Nevada, Case No. 3:07-cv-00081-LRH-RAM, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Dated:_____     Signed:_____