UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAIN CORPORATION, a Nevada corporation,<br><br>    Plaintiff,<br><br> v.<br><br>JYP ENTERTAINMENT, LTD. a Korean limited company, JI-HOON JUNG a/k/a RAIN, an individual, STAR M ENTERTAINMENT, a Korean company,<br><br>    Defendants. | 03:07-CV-00081-LRH-RAM<br><br>ORDER |

  Presently before the court is Rain Corporation's ("Plaintiff") Motion for Reconsideration (# 47[1]). Defendants JYP Entertainment, Ltd. ("JYPE"), Ji-Hoon Jung a/k/a Rain ("Jung"), and Star M Entertainment (collectively, "Defendants") have filed an opposition (# 59), and Plaintiff replied (# 62).

**I. Factual and Procedural Background**

  The underlying action involves trademark and unfair competition claims arising from use of the trademark "Rain." The factual background of this case has previously been described by the court and will not be repeated here. *See* (June 21, 2007, Order (# 46).) On May 15, 2007, Plaintiff

---

[1]Refers to the court's docket number.

filed a motion for preliminary injunction.  The court denied the motion on June 21, 2007, finding that there was insufficient evidence to demonstrate a strong likelihood of success on the merits and that the balance of hardships favors Defendants.  Plaintiff filed a motion to reconsider that order on June 28, 2007, arguing that newly discovered evidence warrants reconsideration.  Specifically, Plaintiff relies on a June 26, 2007, letter written by JYP Entertainment that Plaintiff classifies as an admission that the parties respective uses of the word "Rain" is likely to cause confusion.

**II.  Legal Standard**

Plaintiff's motion for reconsideration was filed pursuant to Federal Rule of Civil Procedure 59(e).  "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)).  Reconsideration of the district court's initial decision is inappropriate in the absence of (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) clear error or manifest injustice.  *Carrol*, 342 F.3d at 945; *School Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).  Moreover, the motion must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mutual Life Ins. Co. of New York v. Pointe Tapatio Resort Properties No. 1*, 206 F.R.D. 495, 497 (D. Ariz. 2002) (citations omitted).

**III.  Discussion**

Plaintiff argues that this court should reconsider its previous order because the June 26, 2007, Letter demonstrates that Plaintiff will likely prevail on the merits in light of the alleged party admission.  Defendants argue that the June 26, 2007, Letter is inadmissible under Rule 408 of the Federal Rules of Evidence because the letter is an offer to settle.  Alternatively, Defendants argue that the June 26, 2007, Letter is only evidence of Defendants' intent to protect their mark within the

United Kingdom and does not effect the court's previous order.

Federal Rule of Evidence 408 excludes evidence of compromises and offers to compromise "when offered to prove liability for, invalidity of, or amount of a claim. . . ."  Fed. R. Evid. 408.  The June 26, 2007, Letter starts by notifying Plaintiff that JYPE owns the "Rain" trademark in the United Kingdom "as well as other registrations of this mark in other countries."  (Mot. for Reconsideration (# 47), Ex. A.)  The letter continues by stating, "[b]ecause [Plaintiff] itself has alleged that there is likelihood of confusion between the singer Rain and the 'Rain-the Beatles Tribute Band,' [Plaintiff] cannot use this mark in countries where JYPE has registered the mark."  *Id*.  After conveying the above information in the letter, JYPE demands that Plaintiff "immediately cease and desist all its activities under the mark 'Rain' or any confusingly similar variation thereof, in conjunction with the sale, offer for sale, promotion, advertising, or provision of any goods or services in the United Kingdom and on its website by July 9, 2007."  *Id*.  The letter next describes what steps will be taken if Plaintiff does not stop use of the word "Rain," and concludes with the following sentence: "This letter is for discussion and settlement purpose only and is not a waiver of any rights belonging to out client."  *Id*

Despite the final sentence of the June 26, 2007, Letter, the letter is not evidence of a compromise or an offer to compromise.  The bulk of the letter contends that JYPE has rights in the mark "Rain" and demands that Plaintiff stop use of that mark where JYPE has registered the mark.  The body of the letter does not contain any indication that JYPE is offering to compromise or settle the case.  The fact that JYPE concluded the letter by stating that it was for discussion and settlement purposes only does not detract from the fact that letter demands, in no uncertain terms, that Plaintiff "immediately cease and desist all its activities under the mark 'Rain ' or any confusingly similar variation thereof. . . ."  *See id*.  Thus, the court finds that the June 26, 2007, Letter is admissible as it is not a compromise or an offer to compromise.

Although the June 26, 2007, Letter is admissible, the court finds that the letter is insufficient

3

for the court to reconsider its June 21, 2007, Order (# 46). In arguing that the court should reconsider its previous order, Plaintiff relies, in part, on *Ultra Electronics, Inc. v. Workman Electronics Products., Inc.*, 192 U.S.P.Q. 497 (T.T.A.B. 1976). In *Ultra Electronics*, the Patent and Trademark Office, Trademark Trial and Appeal Board stated, "a letter of infringement in which a party expresses the view that there is a likelihood of confusion between its mark and that of the adverse party is not necessarily controlling on the question of likelihood of confusion." 192 U.S.P.Q at 498. Nevertheless, the Trademark Board noted that "the admission contained in the letter may be a persuasive factor in resolving any doubts which may exist concerning the likelihood of confusion." *Id*.

In this case, the June 26, 2007, Letter does not unequivocally state that there is a likelihood of confusion between the two marks. Rather, the letter states that because Plaintiff has alleged there is a likelihood of confusion, Plaintiff cannot use the name "Rain" in countries where JYPE owns the mark. (Mot. for Reconsideration (# 47), Ex. A.) Thus, JYPE maintained a position in the June 26, 2007, Letter that asserts its rights in light of the lawsuit filed by Plaintiff. Although the June 26, 2007, Letter may be evidence that the two uses of the mark are likely to cause confusion, the court finds that the Letter is not controlling on the issue of likelihood of confusion in light of the court's previously analysis pursuant to *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (# 47) is hereby DENIED.

IT IS SO ORDERED.

DATED this 4th day of October, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4